# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| CARLA F. DUNLAP, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00687-P-BP |
| § | |
| CARL RAY QUALLS III, *et al.*, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion to Dismiss (ECF No. 26) and Appendix in Support (ECF No. 27) filed on November 4, 2020 by Defendant City of Fort Worth ("the City") and its current employees, Carl Ray Qualls III, Carolyn McFatridge, and Kevin Duvall (collectively "the Defendants"); the Response (ECF No. 30) filed by Plaintiff Carla F. Dunlap ("Dunlap") on November 25, 2020; the Defendants' Reply (ECF No. 34) filed on December 9, 2020; and Plaintiff's Reply to Motion to Dismiss (ECF No. 56) and Brief in Support (ECF No. 57) filed on February 22, 2021. Additionally, before the Court are the Plaintiff's Motion for Summary Judgment (ECF No. 38) filed on December 22, 2020, Second Motion for Summary Judgment (ECF No. 45) filed on January 7, 2021, and Third Motion for Summary Judgment (ECF No. 55) filed on February 22, 2021. Pursuant to the Court's Order dated January 15, 2021 (ECF No. 49), Defendants have not responded to Plaintiffs' Motions for Summary Judgment.

After considering the pleadings, the record in the Plaintiff's prior cases filed against the City and certain of its employees in this Court, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** the Defendants' Motion to Dismiss (ECF No. 26) and **DISMISS** Plaintiff's claims, with the exception of her claim

for breach of contract, **WITH PREJUDICE**. The undersigned recommends that Judge Pittman decline to exercise supplemental jurisdiction over Plaintiff's breach of contract claim and **DISMISS** that claim **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** that Judge Pittman **DENY** Plaintiff's Motions for Summary Judgment (ECF Nos. 38, 45, and 55), on all grounds other than breach of contract because Plaintiff failed to show that she is entitled to judgment as a matter of law.

I.   **FACTUAL BACKGROUND**

Dunlap sues the City and several of its current employees following her termination as an employee in the Fort Worth Police Department ("FWPD"). In her Amended Complaint, Dunlap alleges that the City and its employees breached her employment contract, discriminated against her, and violated her civil rights. ECF No. 21. Liberally construed, the Amended Complaint asserts that Dunlap was wrongfully terminated on October 1, 2015, her due process rights were violated, and she was discriminated against because of her race. *Id.* at 4.

The Defendants move to dismiss each of Dunlap's claims, asserting that they are frivolous, that the Court lacks jurisdiction to consider them, that *res judicata* bars them, that Dunlap did not exhaust her administrative remedies before filing her Title VII claims, that the statute of limitations bars her § 1983 claims, the Lilly Ledbetter Act does not resurrect her discrimination claims, and that Dunlap failed to plead facts sufficient to state a claim for breach of contract. ECF No. 26 at 7.

This is Dunlap's fifth lawsuit against the City, its employees, or departments that has come before the Court. On March 29, 2018, the City removed a similar lawsuit that Dunlap had filed against it alleging the same underlying facts at issue here. *Dunlap v. City of Fort Worth*, No. 4:18-cv-00238-O-BP. On January 8, 2020, United States District Judge Reed O'Connor accepted the findings, conclusions, and recommendation of the undersigned, granted the City's motion for

summary judgment on Dunlap's claims, and denied as moot the City's motion to dismiss. *Dunlap v. City of Fort Worth*, No. 4:18-cv-00238-O-BP, 2020 WL 90773 (N.D. Tex. Jan. 8, 2020). The Court entered judgment dismissing Dunlap's claims on that same day. *See* ECF No. 84 in that case. Judge O'Connor determined that Dunlap's § 1983 claims failed because they were untimely, but even if timely, they failed as a matter of law. *Dunlap*, 2020 WL 90733 at *2-3. Additionally, he held that Dunlap's claims under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act were untimely or unexhausted. *Id.* at *3-7. Finally, he ruled that Dunlap's state tort claims failed as a matter of law, and her criminal claims were not cognizable. *Id.* at *7-8. Dunlap did not appeal the Court's judgment.

On October 15, 2019, nine months prior to the filing the instant case, Dunlap again sued the City and various City officials in their official capacity, alleging the same operative facts as here. *See Dunlap v. City of Fort Worth*, No. 4:19-cv-00874-Y. Senior United States District Judge Terry R. Means dismissed the second suit with prejudice, finding that *res judicata* barred Dunlap's claims against the City and the City's employees sued in their official capacity. *See* ECF No. 21 in the second suit.

Dunlap had previously sued the City and certain of its departments in this Court. In the first, filed on November 8, 2010, Dunlap sued the Legal Department ("Legal Department"), the FWPD, and the Human Resources Department. Judge Means dismissed the FWPD and the Human Resources Department on January 5, 2011 because Dunlap failed to submit summons forms for those defendants. *Dunlap v. City of Fort Worth Legal Department*, No. 4:10-cv-853-Y, ECF No. 14. Judge Means dismissed the Legal Department, and the case was closed on March 14, 2011, because "the Legal Department is not a separate legal entity apart from the city," and does not have the capacity to sue or be sued. *See* ECF No. 18. In the second suit, filed on October 2, 2013,

Dunlap sued the City, and Judge O'Connor dismissed the case without prejudice for improper service of process. *Dunlap v. the City of Fort Worth*, No. 4:13-cv-00802-O, 2014 WL 1677680 (N.D. Tex. Apr. 28, 2014).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557).

### B.     42 U.S.C. § 1983

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied,* 572 U.S. 1087 (2014). "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of

the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

In considering motions to dismiss section 1983 claims against public officials, the Court must not accept conclusory allegations or unwarranted deductions of fact as true because a heightened pleading standard requires "claims of specific conduct and actions giving rise to a constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Thus, the issue now before the Court "is not whether a plaintiff will ultimately prevail but whether [they are] entitled to offer evidence to support [their] claims." *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).

### C. Supplemental Jurisdiction Standard

When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). But, a district court may "decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." *Alford v. State Parking Servs.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014) (*see also* 28 U.S.C. § 1367(c)(3)).

### D. *Pro Se* Standard

Particular to a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

5

*Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). If the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III. ANALYSIS

#### A. *Res judicata* bars Dunlap's § 1983 and Title VII claims.

Although Dunlap did not specifically plead a § 1983 claim by name, the undersigned liberally construes her Amended Complaint as alleging violations of her constitutional right to due process through a § 1983 action and employment discrimination because of her race under Title VII of the Civil Rights Act of 1964. ECF No. 21 at 4. Dunlap alleges that the Defendants violated her constitutional rights by "failures to thoroughly investigate claims, no due process and because they allowed coworkers to be serial violators who violated local, state, and federal rules of discrimination." ECF No. 30 at 9. Additionally, Dunlap argues that the Defendants discriminated against her because of her race, and "targeted [her] because she participated in a protected activity when she filed multiple discrimination charges against the city beginning in 2010 because she is black." *Id.* at 6.

*Res judicata* bars Dunlap's claims for violations of her constitutional rights under § 1983 and for employment discrimination under Title VII. Ordinarily, *res judicata* is an affirmative

defense that cannot be brought in a motion to dismiss, but instead must be pleaded in an answer. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, dismissal under Rule 12(b)(6) is appropriate if "*res judicata* is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (citation omitted). It is apparent that Dunlap's claims repeat what she has asserted in her earlier cases filed against the City and its departments in this Court that Judge O'Connor and Judge Means dismissed.

Federal *res judicata* rules control the preclusive effect of a federal court judgment. *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994). Under those rules, *res judicata* bars a subsequent action if: 1) the parties to both actions are identical or in privity; 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citation omitted).

Dunlap filed her previous actions against the City and City employees in their official capacity. She alleged the same violations of her rights against them. This Court, a court of competent jurisdiction, entered final judgments against her on the merits of her claims. Dunlap argues that *res judicata* does not apply because the parties "are not identical and function in different capacities from those in the first case." ECF No. 30 at 9. However, as Judge Means wrote in the second case, dismissal is proper because the defendants "are current or former employees of the City and therefore are in privity with it, at least insofar as Plaintiff's claims are brought against them in their official capacities." ECF No. 21 at 2-3 in *Dunlap v. City of Fort Worth*, No. 4:19-cv-00874-Y (citing *Benson v. City of Tex. City, Tex.*, No. 3:13-cv-023, 2014 WL 948901, *4-5 (S.D.

Tex. Mar. 11, 2014)). Therefore, the parties are identical or in privity with the prior parties in both actions because Dunlap sued the City's employees in their official capacity. Finally, both suits arise out of the same transaction involving the City's alleged § 1983 violations and employment discrimination against Dunlap due to her race. Since all four necessary elements exist in this case, the doctrine of *res judicata* applies, and Dunlap's claims of constitutional violations under § 1983 and race discrimination in employment under Title VII should be dismissed.

**B.  Dunlap's claim under the Lilly Ledbetter Fair Pay Act fails as a matter of law.**

Dunlap makes a general claim under the Lilly Ledbetter Fair Pay Act "to recover damages for her lost wages as well as compensatory, punitive, front pay, and emotional distress." ECF No. 21 at 4. Dunlap claims that she has a cause of action under the Act because her retirement checks are less than what they should be had she been paid fairly during her employment with the City. ECF No. 30 at 11.

However, the Lilly Ledbetter Fair Pay Act does not provide a separate cause of action that revives her employment discrimination claim every month when she receives her pension check. Instead, the Act "provides that the stature of limitations on Title VII discrimination claims based on unequal compensation begins to run anew following each receipt of unequal pay." *Boyar v. City of New York*, No. 10-cv-65-(HB), 2010 WL 4345737, at *5 (S.D.N.Y. Oct. 28, 2010); *see also Obondi v. UT Sw. Med. Ctr.*, No. 3:15-cv-2022-B, 2017 WL 2729965, at *2 n.9 (N.D. Tex. June 23, 2017) (the Lilly Ledbetter Fair Pay Act does not create a new cause of action, but instead is considered as one with Plaintiff's Title VII claim for pay disparity).

As Judge Means stated previously, *res judicata* bars this claim asserting unequal pay because it "originate[s] from the same continuing course of allegedly discriminatory conduct" by the Defendants and is "so connected in time and space with the claims [brought in the prior action],

that they could have, should have, been brought in the first action to create a single, convenient trial unit." ECF No. 21 at 2 in *Dunlap v. City of Fort Worth*, No. 4:19-cv-00874-Y (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 314 (5th Cir. 2004)). Accordingly, Dunlap's reliance on the Lilly Ledbetter Fair Pay Act is misplaced here, and Judge Pittman should dismiss her claim.

    **C.**    **The Court should decline to exercise supplemental jurisdiction over Dunlap's breach of contract claim.**

Finally, Dunlap asserts the City breached its employment contract with her. ECF No. 21 at 4. Although the Court has federal question jurisdiction over her claims for violation of § 1983, Title VII, and the Lilly Ledbetter Fair Pay Act, the Court has only supplemental jurisdiction over her breach of contract claim because the parties are not of diverse citizenship and no other ground of subject matter jurisdiction exists on the facts alleged. Dunlap's claim for breach of an employment agreement does not raise any issue of federal law. The undersigned recommends that Judge Pittman decline to exercise supplemental jurisdiction over this claim and instead dismiss it without prejudice. *Pennie*, 225 F. Supp. 3d 648 at 677 n.5.

    **D.**    **Judge Pittman should deny Dunlap's motions for summary judgment on all grounds other than breach of contract because she is not entitled to judgment as a matter of law.**

Given the undersigned's recommendation that Judge Pittman grant the Defendants' Motion to Dismiss (ECF No. 26) on all but Dunlap's breach of contract claim, Judge Pittman should deny Dunlap's Motions for Summary Judgment (ECF Nos. 38, 45, and 55) on all grounds other than breach of contract because she is not entitled to summary judgment as a matter of law on the remaining claims.

    **E.**    **The Court should dismiss Dunlap's claims with prejudice.**

Dunlap is proceeding *pro se*, and the Court affords her latitude in her pleadings as required by *Estelle v. Gamble*. However, given the disposition on the merits by Judge O'Connor and Judge

9

Means in two of Dunlap's previous suits against the City and various City employees, it appears that she has pleaded her best, albeit meritless, case against the Defendants here. She has amended her Complaint, responded to Defendants' Motion to Dismiss, and has filed three separate motions for summary judgment. Nevertheless, she has failed to state a claim that survives the Motion to Dismiss. Accordingly, Judge Pittman should dismiss Dunlap's claims, other than for breach of contract, with prejudice. He should dismiss that claim without prejudice for lack of subject matter jurisdiction. *Bradford v. Geissel Barker & Lyman Inc.*, 58 F. App'x 596 (5th Cir. 2003).

### IV.   CONCLUSION

Because *res judicata* bars Plaintiff's claims under 42 U.S.C. § 1983 and Title VII, her claims under the Lilly Ledbetter Equal Pay Act fail as a matter of law, and the Court should not exercise supplemental jurisdiction over her breach of contract claim, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** the Defendants' Motion to Dismiss (ECF No. 26), other than as to Plaintiff's breach of contract claim, and **DISMISS** this case **WITH PREJUDICE** on all claims except breach of contract, for which dismissal should be **WITHOUT PREJUDICE**. The undersigned further **RECOMMENDS** that Judge Pittman **DENY** Plaintiff's Motions for Summary Judgment (ECF Nos. 38, 45, and 55), on all grounds other than breach of contract because Plaintiff failed to show that she was entitled to judgment as a matter of law.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings,

conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on April 14, 2021.

/s/ Hal R. Ray, Jr.
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE